IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEO SALEHI | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-00840-B |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | § | |
| | § | |
| | § | |
| Defendant. | § | |

JOINT STATUS REPORT

Plaintiff and Defendant hereby file their Joint Status Report pursuant to the Court's April 4, 2019 Status Report Order:

Meeting Requirement

Counsel have not met, but have been conferring by telephone and email regarding this case since March 29, 2019. Counsel have worked together on numerous similar cases and generally agree on all status report issues. In this instance, the substance of the report is fully agreed upon and settlement negotiations between the parties are being conducted and are progressing.

Other Requirements

1. This case under Employee Retirement Income Security Act ("ERISA") for wrongful denial of long-term disability benefits. Plaintiff contends that a denial of such benefits dated June 21, 2018 was wrongful, entitling him to relief under Section 1332 of ERISA. Defendant submits that the denial was not wrongful.

2. There is no challenge to jurisdiction or venue.

3. No motions are pending.

4. No matter currently requires a conference with the Court.

5. There is no contemplation of other parties being joined or the pleadings amended.

6. ERISA limits the scope of discovery, but to accommodate such limited discovery as is available, the parties suggest that they have 90 days to complete discovery. There is no need to conduct discovery in phases.

7. There are no known electronically stored information issues.

8. There are no known privilege or trial-preparation material issues.

9. There is no need to modify rule-based limitations on discovery.

10. There is no need for a further order under Rules 16 or 26 of the Federal Rules of Civil Procedure.

11. The parties propose the following deadlines:

a. Joinder and amendment: June 1, 2019

b. File motions, including dispositive motions: July 30, 2019.

c. Discovery: July 30, 2019.

d. Expert witness designation and disclosures: June 15, 2019.

12. The parties request a trial date, if the Court considers a trial necessary and proper, on or after September 15, 2019. No jury is proper under ERISA.

13. The parties do not at this time consent to trial before a magistrate judge.

14. Plaintiff has made a settlement demand. Defendant is reviewing it, and it is expected that Defendant will respond to it by May 10, 2019.

15. Mediation would be appropriate on or after June 1, 2019.

16. No other matters would appear to be necessary to call to the attention of the Court at this time.

Disclosures

Defendant has made its disclosures and Plaintiff will likewise make his required disclosures as required.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
(214) 379-0823
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF

/s/ Iwana Rademaekers
Iwana Rademaekers
State Bar No. 16452560
iwana@rademaekerslaw.com
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
(214) 579-9319
(469) 444-6456 (telecopy)

COUNSEL FOR DEFENDANT

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served through the Court's electronic filing system upon Defendant's counsel of record this 25th day of April, 2019 as follows:

Iwana Rademaekers
iwana@rademaekerslaw.com
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.